# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON PARKER,                :  1:15-CV-01808
                          :
          Plaintiff        :
                          :  (Judge Caldwell)
          v.              :
                          :  (Magistrate Judge Schwab)
Ms. Bahner, *et al.*,       :
                          :
          Defendants     :

## REPORT AND RECOMMENDATION

## I.  Introduction.

Plaintiff Jason Parker ("Parker"), a former state prisoner proceeding *pro se*, has filed a complaint raising claims that stem primarily from an instance in which he was denied access to the copy machine in the law library on September 16, 2015, while he was incarcerated at SCI-Frackville.  After screening the amended complaint, we conclude that Parker's amended complaint fails to state a claim upon which relief may be granted, and that granting Parker further leave to amend would be futile.  Therefore, we recommend that Parker's federal claim be dismissed with prejudice, and we recommend that the Court decline to exercise supplemental jurisdiction over his state law negligence claim.

## II.  Background and Procedural History.

### A. Initial Complaint.

Parker began this action on September 16, 2015, by filing his initial complaint naming (1) Ms. Bahner[1] ("Bahner"); (2) Corrections Officer Hendricks ("Hendricks"); and (3) Superintendent Brenda Tritt ("Tritt"), as defendants.  In the initial complaint, Parker described an incident at SCI-Frackville in which he alleged that the staff there prevented him from making photocopies of his legal documents.  Parker claimed that the defendants violated his constitutional right to access the courts, and he sought declaratory and injunctive relief as well as compensatory and punitive damages.

In accordance with 29 USC § 1915A, we conducted a screening of Parker's initial complaint and determined that the complaint failed to state a claim upon which relief could be granted.  Following the precedent set forth in *Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002), we found it appropriate to grant Parker leave to file an amended complaint in order to properly state an access-to-the-courts claim upon which relief may be granted. On July 8, 2016, Parker filed his amended complaint.

---

[1] There is no first name provided for Ms. Bahner.  She is also referred to as the "Frackville Law Librarian."

2

**B. Amended Complaint.**

Parker alleges that, on September 16, 2015, while incarcerated at SCI-Frackville, he went to the institution's law library to make copies of his time-sensitive legal documents.  Once at the library, law librarian Bahner and Corrections Officer Hendricks informed Parker that he would not be permitted to make photocopies of his legal documents.  Thereafter, an inmate at the law library, offered to pay for photocopies of Parker's legal documents for him.  Bahner and Hendricks did not permit the other inmate to do so because it was against prison policy.  As a result of this incident, Parker alleges that he sustained "deep emotional stress and duress." *Doc. 18* at 3.

Parker complains that Bahner and Hendricks violated his constitutional right to access to the courts when they prevented him from photocopying his time sensitive legal documents.  Additionally, Parker alleges that Tritt violated his constitutional right to access to the courts when she implemented the policy prohibiting inmates from making photocopies for each other.  As a remedy, Parker seeks declaratory and injunctive relief from the Court, so that inmates may make photocopies of each other's legal documents.

## III.  Discussion.

### A. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.  Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to

relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."  *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts."  *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).  A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged."  *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and '"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."'  *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's

claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Any Claims for Damages Against the Defendants in their Official Capacities Are Barred by the Eleventh Amendment.

Parker brings his claims against the defendants in both their official and individual capacities.  Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 690, n. 55 (1978).  In an official-capacity suit, the entity of which the officer is an agent is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  As such, claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013).

The defendants in this case are state officials.  Thus, any claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment.  Claims against the defendants in their official capacity for prospective injunctive relief are not barred by the Eleventh Amendment. See *Ex parte Young*, 209 U.S. 123 (1908).  Claims against the defendants in their individual or personal capacities are also not barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

7

### C. Parker's Claims for Injunctive and Declaratory Relief are Moot.

To the extent Parker seeks injunctive and declaratory relief against any of the defendants, such claims are moot because Parker is no longer is incarcerated at SCI-Frackville.

It is well established that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Thus, a prisoner's release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Abdul–Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993).

Although in his amended complaint Parker asserts that he is still under SCI Frackville's jurisdiction, a notice of address change (*doc. 15*), shows that Parker is incarcerated at the Curran-Fromhold Correctional Facility in Philadelphia. Thus, since he is no longer incarcerated at SCI-Frackville, he faces no potential of

continuing adverse action at the hands of the individuals at SCI- Frackville. Consequently, his claims for injunctive and declaratory relief are moot.

### D.  Individual Capacity Claims Against Bahner, Hendricks, and Tritt.

The amended complaint claims that the defendants denied Parker the fundamental constitutional right of access to the courts.  For the reasons set forth below, we conclude that such a claim lacks merit.

There are two general categories of actionable federal claims based upon an alleged denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).  The first category is forward-looking claims. *Id.*  The essence of such a claim is that official action is frustrating the plaintiff in preparing or filing a legal action at the present time. *Id.*  The opportunity to litigate "has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.*  The second category is backward-looking claims. *Id.* at 413-14. Such a claim does not look forward to future litigation, "but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414 (footnotes omitted). "The ultimate object of these sorts of access claims, then, is not the judgment in a

further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.*

The ultimate justification for recognizing each kind of access claim is the same. *Id.* "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-15. The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, a plaintiff must establish an actual injury by identifying a non-frivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.* The underlying cause of action, whether anticipated or lost, is an element of the access claim. *Id.*

In *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977), the Supreme Court established that prisoners have a constitutional right of meaningful access to law libraries and legal materials. The Supreme Court further defined that right in *Lewis v. Casey*, 518 U.S. 343 (1996), when the Court stated that an inmate plaintiff must show that a non-frivolous legal claim was frustrated due to the inmate's lack of meaningful access. *Lewis*, 518 U.S. 352-353. Moreover, the Court in *Lewis* determined that an inmate must show actual injury to his litigation efforts. *Id.*

Parker alleges that Bahner and Hendricks did not permit him to make photocopies of his legal documents due to a policy implemented by Tritt. Further, Parker alleges that inmates should be allowed to make photocopies of each other's legal documents. But Parker fails to allege that he suffered "actual injury" to an ongoing non-frivolous legal claim when he, or the other inmate, was prohibited from making photocopies. Parker, therefore, fails to adequately allege that he suffered any actual injury to a non-frivolous legal claim as required by *Christopher* and *Lewis*. For this reason, Parker's amended complaint fails to state an access-to-courts claim upon which relief may be granted.

### E.  Supplemental Jurisdiction.

Having determined that the amended complaint fails to state a federal claim upon which relief may be granted, the remaining claim is Parker's state law claim for negligent monitoring, training, and supervision over which this court has supplemental jurisdiction.

Whether to exercise supplemental jurisdiction is within the discretion of the court. 28 U.S.C. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in

each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

There is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction after the court disposes of the federal claims. Accordingly, we recommend that the court decline to exercise supplemental jurisdiction over the state law claims.

## F.  Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be

12

inequitable or futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114

(3d Cir. 2002).  Given that Parker was already granted leave to amend once before

and his amended complaint failed to correct the deficiencies present in his initial

complaint, granting Parker leave to amend again would be futile.


**IV.  Recommendation.**

       Accordingly, for the foregoing reasons, **WE RECOMMEND** that Parker's

federal claims be dismissed with prejudice for failure to state a claim upon which

relief may be granted, and that the Court decline to exercise supplemental

jurisdiction over Parker's state law negligence claim.

       The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter
> described in 28 U.S.C. § 636 (b)(1)(B) or making a
> recommendation for the disposition of a prisoner case or a
> habeas corpus petition within fourteen (14) days after being
> served with a copy thereof.  Such party shall file with the clerk of
> court, and serve on the magistrate judge and all parties, written
> objections which shall specifically identify the portions of the
> proposed findings, recommendations or report to which objection
> is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge
> shall make a de novo determination of those portions of the
> report or specified  proposed findings or recommendations to
> which objection is made and may accept, reject, or modify, in
> whole or in part, the findings or recommendations made by the
> magistrate judge.  The judge, however, need conduct a new
> hearing only in his or her discretion or where required by law,
> and may consider the record developed before the magistrate

judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **25th** day of **July 2016**.


*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

14