UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JASON PARKER,                        :
                                     :
        Plaintiff                    :
                                     :  CIVIL NO. 1:15-CV-1808
        v.                           :
                                     :
Ms. Bahner, et al.,                  :
                                     :
        Defendants

*M E M O R A N D U M*

I.      *Introduction*

        Plaintiff, a former inmate in Pennsylvania's State Correctional Institution in

Frackville (SCI-Frackville), has filed objections to the report and recommendation of

Magistrate Judge Schwab, who recommended that his amended complaint be dismissed

and that this Court decline to exercise supplemental jurisdiction over his state law

negligence claims.  (Docs. 18, 19, & 21).  For the reasons below, we adopt in full the

report and recommendation of Judge Schwab and overrule Plaintiff's objections.

II.     *Background*

        On September 16, 2015, Plaintiff filed his complaint, naming as Defendants

several corrections officials at SCI-Frackville.  (Doc. 1).  The complaint alleged that on

September 13, 2015, Plaintiff was denied access to the courts and suffered "mental and

emotional stress" because, while he was an inmate at SCI-Frackville, certain prison

officials did not permit him to make photocopies of legal documents due to insufficient

funds in his prison account and a prison policy disallowing other inmates to make copies

for him.  (Doc. 1 at 3).  He alleged that the documents needed "to be sent back to the court in a certain time frame."  Ibid.

In February 2016, Plaintiff filed a notice of change of address, indicating that he is now incarcerated at the Curran-Fromhold Correctional Facility in Philadelphia.  (Doc. 15; Doc. 19 at 8).  On July 8, 2016, Plaintiff filed an amended complaint, repeating the same allegations of being denied the ability to make photocopies, but also alleging state law claims of negligent monitoring, training, and supervision.  (Doc. 18 at 3).

On July 25, 2016, Magistrate Judge Schwab screened Plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. 19 at 4).  In a report and recommendation, Judge Schwab found that Plaintiff failed to state a claim upon which relief may be granted.  (Doc. 19 at 1).  Judge Schwab recommended that granting Plaintiff further leave to amend would be futile because: (1) Plaintiff's claims against Defendants in their official capacities were barred by the Eleventh Amendment (Doc. 19 at 7); (2) his claims for injunctive relief were moot as he "is no longer incarcerated at SCI-Frackville" and faces "no potential continuing adverse action" (Doc. 19 at 8-9); and (3) his claims against Defendants in their individual capacity failed to allege that he "suffered 'actual injury' to an ongoing non-frivolous legal claim."  (Doc. 19 at 11).

On August 2, 2016, Plaintiff filed objections to Judge Schwab's report.  (Doc. 21).  First, Plaintiff argues, without citation to authority, that Defendants do not have absolute immunity and that "common sense" dictates that they be stripped of immunity.  (Doc. 21 at 4).  Second, he argues that he is still under the Department of Corrections' (DOC) jurisdiction as he is on parole from SCI-Frackville.  (Doc. 21 at 2, 6).  Finally, he argues that he suffered injury because his cases in Parker v. O'Connor, No. 15-cv-3475

(E.D. Pa. Sept. 17, 2015), and <u>Parker v. Montgomery County Correctional Facility/Business Office Manager</u>, No. 15-cv-4205 (E.D. Pa. Sept. 17, 2015), were "directly affected" by Defendants' actions.  (Doc. 21 at 3).

*III.*        *Discussion*

We find these objections lack merit.  Where objections to a Magistrate Judge's report and recommendation are filed, we review de novo its contested portions. <u>See</u> <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C). We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  Here, we adopt in full Judge Schwab's report and recommendation.

Plaintiff's claim for damages against Defendants in their official capacities as prison officials is barred by the Eleventh Amendment.  <u>See</u> <u>West v. Keve</u>, 571 F.2d 158, 163 (3d Cir. 1978).  Moreover, his claims for injunctive relief against Defendants in their official capacities are moot because, even if he is on parole from SCI-Frackville and under DOC jurisdiction, his transfer to the Curran-Fromhold Correctional Facility eliminates a "reasonable likelihood that [he] would be subjected to the same action again" by Defendants.  <u>Sutton v. Rasheed</u>, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots [his] equitable and declaratory claims.").

More importantly, we agree with Judge Schwab that Plaintiff has not alleged sufficient injury or causation to establish an access-to-the-courts claim against Defendants in their individual capacities.  Such a claim requires him to show actual injury to his litigation efforts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance

program is subpar in some theoretical sense. . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").  In his objections, Plaintiff claims that two of his cases were "directly affected" by Defendants not allowing him to make photocopies, yet he was able to access the courts in both cases, and neither case was dismissed with any connection to these allegations.  See Parker v. O'Connor, No. 15-3475, at *4 (E.D. Pa. Sept. 17, 2015) (dismissing Plaintiff's complaint "as malicious because it repeats previously litigated claims"); Parker v. Montgomery Cnty. Corr. Facility/Bus. Office Manager, No. 15-4205, at *4-5 (E.D. Pa. Sept. 17, 2015) (dismissing access-to-courts complaint by Plaintiff for failure to describe "any non-frivolous cases that he was prohibited from pursuing").  Therefore, Plaintiff has not made a claim of actual injury because he did not sufficiently plead that a "nonfrivolous" or "arguable" claim was lost because of a denial of access to the courts.  Christopher v. Harbury, 536 U.S. 403, 415 (2002).

> We adopt in full Judge Schwab's report and recommendation.  We dismiss, with prejudice, Plaintiff's amended complaint for failure to state a claim upon which relief may be granted.  We find that granting Plaintiff further leave to amend would be futile, and decline to exercise supplemental jurisdiction over his state law negligence claims.  We will issue an appropriate order.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 13, 2016